UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**COUNTY OF OSWEGO INDUSTRIAL
DEVELOPMENT AGENCY,**

                      **Plaintiff,**

                **-v-**                                                                    **5:05-CV-926**

**FULTON COGENERATION ASSOCIATES, LP.,
LIONS CAPITAL MANAGEMENT, LLC, aka LION
CAPITAL MANAGEMENT, LLC, FIMAB,
PROMENEUR & HAUSMANN, INC., EL PASO
MERCHANT ENERGY-PETROLEUM COMPANY.,
and ANR VENTURE FULTON COMPANY,**
                    **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:
Hiscock & Barclay, LLP
Robert B. Liddell, Esq., of Counsel
Susan R. Katzoff, Esq., of Counsel
One Park Place
300 South State Street
Syracuse, New York 13221
Attorneys for Plaintiff

Hancock & Estabrook, LLP
Daniel B. Berman, Esq., of Counsel
1500 Tower I, P.O. Box 4976
Syracuse, New York 13221
Attorneys for Defendant Fulton Cogeneration Associates, LP.

**Hon. Norman A. Mordue, Chief Judge:**

## MEMORANDUM-DECISION AND ORDER

Presently before the Court is plaintiff's motion for an order of attachment under N.Y. C.P.L.R. 6201(1) against defendant Fulton Cogeneration Associates, LP. ("FCA"). In this action, plaintiff seeks to recover $4,721,849.40 allegedly owed by FCA to plaintiff under a Payment In Lieu of Taxes Agreement ("PILOT").

On this motion, plaintiff seeks to attach any recovery by FCA in FCA's action against The New York Chocolate and Confections Company in New York Supreme Court, County of Oswego. FCA's motion for partial summary judgment in the amount of $1,332,874.40 is currently pending in that action.

Plaintiff asserts that it is entitled to attachment under N.Y.C.P.L.R. 6201(1) for the purpose of securing a potential judgment in the instant action, because FCA, although a New York limited partnership, is a nondomiciliary; FCA's general partner is a foreign corporation not authorized to do business in New York. Plaintiff further urges, with record support, that FCA owes significant sums to other creditors, that there has been a series of inter-company transfers of interests in FCA, and that the amount of plaintiff's claim exceeds any known counterclaim.

In opposition, FCA first argues that inasmuch as plaintiff has obtained jurisdiction over it, there is no basis for 6201(1) attachment. However, in their answer to the amended complaint herein, FCA's general and limited partners both interpose affirmative defenses of lack of *in personam* jurisdiction. In any event, it is well established that "New York's nonresident attachment statute is designed to serve two independent purposes: obtaining jurisdiction over and securing judgments against nondomiciliaries residing without the state." *ITC Entertainment., Ltd. v. Nelson Film Partners*, 714 F.2d 217, 220 (2d Cir. 1983).

FCA further argues that, because FCA owns a steam generating plant assessed at $46 million, plaintiff has sufficient security in New York State. Plaintiff demonstrates, however, that in 2006 the Tax Assessor assessed the plant at $2,751,075. There is evidence of additional claims against FCA in excess of $1 million as of February 10, 2006. And there is likely an unsatisfied mortgage against the property to secure the unpaid bonds relating to the facility; the original value

of the mortgage in 1991 was $48,500,000.  Plaintiff has shown that FCA's financial position "poses a real risk of the enforcement of a future judgment." *Bank of China v. NBM L.L.C.*, 192 F. Supp.2d 183, 188 (S.D.N.Y. 2002) (citation and quotation marks omitted).

FCA also contends that plaintiff has not demonstrated that it is probable that it will succeed on the merits of the action.  Plaintiff relies on the sixth paragraph of the PILOT which reserves to the Company [*i.e.*, FCA] the option "to cancel this in lieu of taxes agreement and to pay to the Agency [*i.e.*, plaintiff], an amount equal to the actual tax assessment which would be due on the property based upon the assessed value fixed by the assessors and the current tax rate applicable for the City, County and School taxes in the area."  It is undisputed that FCA notified plaintiff in February 2005 of its exercise of this option, and that FCA defaulted on its March 31, 2005 annual payment, which plaintiff assessed at $2,360,924.70.  Pursuant to the default provisions in the lease agreement between plaintiff and FCA, paragraph 10.2, plaintiff sues for the payments for March 31, 2005 and March 31, 2006, totaling $4,721,849.40, as well as attorney's fees, costs and disbursements.  Plaintiff has made a sufficient showing of a probability of success on the merits.  The matters raised by FCA – its dispute as to the amount of the 2005 assessment and its denial of liability for the full amount sought by plaintiff – are insufficient to defeat the showing of merit on this motion.

Accordingly, plaintiff has demonstrated its entitlement to an attachment.  Plaintiff is directed to file an undertaking in accordance with N.Y.C.P.L.R. 6212(b) in the sum of $50,000.

ORDERED that plaintiff's motion is granted; and it is further

ORDERED that plaintiff is awarded an order of attachment relating to the claims and rights of defendant Fulton Cogeneration Associates, LP. in litigation pending in New York

Supreme Court, County of Oswego, captioned *Fulton Cogeneration Associates, LP. v. The New York Chocolate and Confections Company*, Index No 1185/05 and any debts owed to defendant Fulton Cogeneration Associates, LP. in connection therewith; and it is further

ORDERED that plaintiff shall file an undertaking in the amount of $50,000 within 5 business days of the date of this order.

IT IS SO ORDERED.

March 22, 2006
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge