UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

COUNTY OF OSWEGO INDUSTRIAL
DEVELOPMENT AGENCY,

                                    **Plaintiff,**

                              -v-                                  5:05-CV-926

FULTON COGENERATION ASSOCIATES, LP.,           AMENDED ORDER
LIONS CAPITAL MANAGEMENT, LLC, aka LION      OF
CAPITAL MANAGEMENT, LLC, FIMAB,                     ATTACHMENT
PROMENEUR & HAUSMANN, INC., EL PASO
MERCHANT ENERGY-PETROLEUM COMPANY.,
and ANR VENTURE FULTON COMPANY,

                                 **Defendants.**

TO: THE SHERIFF OF ANY COUNTY OF THE STATE OF NEW YORK

     Whereas, plaintiff having moved for an order of attachment against the property of and/or debts owing to defendant Fulton Cogeneration Associates, L.P., consisting of, or which are evidenced by, arise out of, or relate to an action pending in the Supreme Court of the State of New York, Oswego County, entitled Fulton Cogeneration Associates, L.P. v. The New York Chocolate and Confections Company, Index Number 1185/05 (the "Attached Property/Debts"), and the Court having issued its Memorandum-Decision and Order dated March 22, 2006 granting plaintiff's motion for an order of attachment, and this Court having signed an Order of Attachment dated March 31, 2006, and

     Whereas, plaintiff having also moved to modify the Order of Attachment in order to also attach the turbine and other equipment located at the Fulton cogeneration facility of defendant Fulton Cogeneration Associates, L.P. (the "Additional Attached Property"), and the Court having issued its Memorandum-Decision and Order dated March 9, 2007 granting plaintiff's motion to

modify the Order of Attachment, it is hereby

ORDERED, that the amount to be secured by this Order of Attachment shall be $4,721,849.40 and any interest, costs, and sheriff's fees and expenses; and it is further

ORDERED, that the undertaking in the amount of $50,000 which is attached hereto is approved; and it is further

ORDERED, that upon service of this Amended Order of Attachment, defendant Fulton Cogeneration Associates, L.P., and any of its directors, officers, employees, and agents served with a copy of this Amended Order, is and are restrained from assigning, disposing of, encumbering or secreting the Attached Property/Debts and the Additional Attached Property; and it is further

ORDERED, that the Sheriff of any County in the State of New York is directed to levy upon the Attached Property/Debts and the Additional Attached Property by serving a copy of this Amended Order of Attachment pursuant to Section 6214 of the New York Civil Practice Law and Rules ("CPLR") on Fulton Cogeneration Associates, L.P., or any appropriate agent of Fulton Cogeneration Associates, L.P., and any proper garnishee as set forth in CPLR 5201, including The New York Chocolate and Confections Company; and it is further

ORDERED, that the garnishee's statement required by CPLR 6219 be served on the sheriff within 10 days after being served with a copy of this Order of Attachment.

Date: March 9, 2007
      Syracuse, New York

/s/ Norman A. Mordue
Norman A. Mordue
Chief U.S. District Court Judge



**Main Street America Group**
National Grange Mutual Insurance Company
Old Dominion Insurance Company
Main Street America Assurance Company

Bond No. S430205.

## BOND IN ATTACHMENT – ALL COURTS

IN THE <u>United States District</u> COURT OF            <u>Northern District of New York</u>

PLAINTIFF:   County of Oswego Industrial Development Agency

                          vs.

DEFENDANT:   Fulton Cogeneration Associates, L.P. et al
             Civil Action No. 05-CV-926 (NAM/GJD)

KNOW ALL MEN BY THESE PRESENTS, That we <u>County of Oswego Industrial Development Agency</u> as Principal, and the National Grange Mutual Insurance Company, of Keene, NH, as Surety, are held and firmly bound unto <u>United States District Court, Northern District of New York</u> in the penal sum of <u>Fifty Thousand and 00/100 ($50,000.00)</u> Dollars, for payment of which, well and truly to be made, we do hereby bind ourselves, our heirs, executors, and administrators jointly and severally by these presents.

The condition of this obligation is such that,

WHEREAS, <u>County of Oswego Industrial Development Agency</u>, Plaintiff, has commenced a civil action against <u>Fulton Cogeneration Associates, LP</u>, said defendant, in the above court to recover the sum of <u>Four Million Seven Hundred Twenty-one Thousand Eight Hundred Forty Nine and 40/100</u> Dollars ($4,721,849.40).

WHEREAS, the said Plaintiff has duly filed with the clerk of said court the necessary affidavit(s) for an order of attachment, and has applied for an order of attachment, to be issued in said action, against the said Defendant.

NOW THEREFORE, if the said <u>County of Oswego Industrial Development Agency</u>, Plaintiff, shall pay the said <u>Fulton Cogeneration Associates, LP</u>, Defendant all damages which defendant may sustain by reason of the attachment, if the order be wrongfully obtained, then this obligation shall be null and void; otherwise to remain in full force and effect.

Dated this <u>24th</u> day of <u>March 2006</u>

Principal: County of Oswego Industrial Development Agency

By: _____

National Grange Mutual Insurance Company

By: _____ (SEAL)
Linda J. Provo, Attorney-in-Fact

66-8355 (07/04)

**NATIONAL GRANGE MUTUAL INSURANCE COMPANY**
A member of The Main Street America Group

**POWER OF ATTORNEY**

KNOW ALL MEN BY THESE PRESENTS: That the National Grange Mutual Insurance Company, a New Hampshire corporation having its principal office in the City of Keene, State of New Hampshire, pursuant to Article V, Section 2 of the By-Laws of said Company, to wit:

"Section 2. The board of directors, the president, any vice president, secretary, or the treasurer shall have the power and authority to appoint attorneys-in-fact and to authorize them to execute on behalf of the company and affix the seal of the company thereto, bonds, recognizances, contracts of indemnity or writings obligatory in the nature of a bond, recognizance or conditional undertaking and to remove any such attorneys-in-fact at any time and revoke the power and authority given to them." Pursuant to said by-law does hereby make, constitute and appoint **Carol J Krytusa, Robert J Rayo, Joanne F Rozyczko, Lori L Vanauken, Victor A Diserio, Charles J Lacomb, Linda J Provo**————————————————

its true and lawful Attorneys-in-fact, to make, execute, seal and deliver for and on its behalf, and as its act and deed, bonds, undertakings recognizances, contracts of indemnity, or other writings obligatory in the nature of a bond subject to the following limitation:

1. No one bond to exceed Five Million Dollars ($5,000,000.00).

and to bind the National Grange Mutual Insurance Company thereby as fully and to the same extent as if such instruments were signed by the duly authorized officers of the National Grange Mutual Insurance Company, and all the acts of said Attorney are hereby ratified and confirmed.

This power of attorney is signed and sealed by facsimile under and by the authority of the following resolution adopted by the Directors of The National Grange Mutual Insurance Company at a meeting duly called and held on the 2nd day of December 1977.

Voted: That the signature of any officer authorized by the By-Laws and the company seal may be affixed by facsimile to any power of attorney or special power of attorney or certification of either given for the execution of any bond, undertaking, recognizance or other written obligation in the nature thereof, such signature and seal, when so used being hereby adopted by the company as the original signature of such officer and the original seal of the company, to be valid and binding upon the company with the same force and effect as though manually affixed.

By execution of this Power of Attorney, National Grange Mutual Insurance Company does hereby revoke, rescind and declare null and void any previous Power of Attorney at any time previously furnished to the aforesaid individuals or any of them.

IN WITNESS WHEREOF, The National Grange Mutual Insurance Company has caused these presents to be signed by its Secretary and its corporate seal to be hereto affixed this 13th day of April, 2005. THIS APPOINTMENT SHALL CEASE AND TERMINATE AUTOMATICALLY AS OF DECEMBER 31ST, 2007, unless sooner revoked as provided.

NATIONAL GRANGE MUTUAL INSURANCE COMPANY By: _____

THIS POWER IS INVALID IF RED DIAGONAL IMPRINT " NATIONAL GRANGE MUTUAL INSURANCE COMPANY, KEENE, NEW HAMPSHIRE " IS NOT SHOWN IN ITS ENTIRETY.

State of New Hampshire, County of Cheshire

On this 13th day of April, 2005, before the subscriber a Notary Public of the State of New Hampshire in and for the County of Cheshire duly commissioned and qualified, came William C. McKenna of the National Grange Mutual Insurance Company, to me personally known to be the officer described herein, and who executed the preceding instrument, and he acknowledged the execution of same, and being by me fully sworn, deposed and said that he is an officer of said Company, aforesaid: that the seal affixed to the preceding instrument is the corporate seal of said Company, and the said corporate seal and his signature as officer were duly affixed and subscribed to the said instrument by the authority and direction of the said Company; that Article V, Section 2 of the By-Laws of said Company is now in force.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed by official seal at Keene, New Hampshire this 13th day of April, 2005.

Notary Public
My Commission Expires: March 19, 2008

I Lyn E. Landry, Assistant Vice President of the National Grange Mutual Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of a Power of Attorney executed by said Company which is still in force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company at Keene, New Hampshire this ___24th___ day of ___March___, ___2006___

**WARNING** – Any unauthorized reproduction or alteration of this document is prohibited. This power is void unless seals are readable and the certification seal at the bottom is embossed. The diagonal imprint, warning and certification must be in red ink.

brittonc

**CONFIRMATION** Of validity of attached bond, call NGM at: Keene 603-358-1339; Richmond 804-270-6611 ext. 138; Syracuse 315-434-1410.

PRINCIPAL'S ACKNOWLEDGMENT
INDIVIDUAL VERIFICATION

State of _____
County of _____

On this _____ day of _____, in the year 20_____, before me personally came _____ to me known, and known to me to be the person(s) who is (are) described in and who executed the foregoing instrument, and acknowledges to me that he (they) executed the same.

_____
(Notary Public)

LIMITED LIABILITY COMPANY VERIFICATION

State of _____
County of _____

On this _____ day of _____, in the year 20_____, before me personally appeared _____, to me known and known to me to be the person who executed the foregoing Agreement, and who being by me duly sworn, deposes and says that (s)he is the _____ of _____, A Limited Liability Company, and that (s)he executed the foregoing Agreement as the act and deed of the said Limited Liability Company.

_____
(Notary Public)

CORPORATE VERIFICATION

State of New York
County of Onondaga

On this 28th day of March, in the year of 2006, before me personally came L. Michael Treadwell to me known, who, being by me duly sworn, deposes and says that (s)he resides in the City of Phoenix, NY that (s)he is the Secretary/Treasurer of the County of Oswego Industrial Development Agency the corporation described in and which executed the foregoing instrument, ~~that (s) he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that (s) he signed his/her name thereto by like order.~~

JOSEPH F. JASINSKI
NOTARY PUBLIC, State of New York
No. 01JA6001534
Qualified in Onondaga County
Commission Expires 01/20/20__

_____
(Notary Public)

SURETY ACKNOWLEDGMENT

State of New York
County of Onondaga

On this 24th day of March, in the year 20 06, before me personally came Linda J. Provo to me know, who, being by me duly sworn, did depose and say that (s) he resides in Syracuse, NY; that (s) he is the Attorney-in-Fact of the National Grange Mutual Insurance Company, the corporation described in and which executed the attached instrument; that (s) he knows the corporate seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; and that it was so affixed by order of the Board of Directors of the said corporation; and that (s) signed his/her name thereto by like order.

_____
(Notary Public)

LINDA E. DARDARIS
Notary Public in the State of New York
Qualified in Onon. Co., No. 01DA4811558
My Commission Expires Dec. 31, 20 __

**THE MAIN STREET AMERICA GROUP**
National Grange Mutual Insurance Company • Old Dominion Insurance Company
Main Street America Assurance Company • Information Systems and Services Corporation

I certify that at the Annual Meeting of the Directors of the National Grange Mutual Insurance Company duly called and held at Keene, New Hampshire on March 11, 2005, the following officers were elected and still remain in office:

| | |
|---|---|
| PHILIP D. KOERNER | CHAIRMAN OF THE BOARD |
| THOMAS M. VAN BERKEL | PRESIDENT AND CHIEF EXECUTIVE OFFICER |
| JEANNE H. EDDY, WILLIAM ANDERSON, SCOTT B. GERLACH, BRIAN J. BEGGS, JOSEPH L. GRAUWILER | VICE PRESIDENTS |
| JOEL GELB | VICE PRESIDENT & CHIEF INFORMATION OFFICER |
| RICHARD B. KELLY | VICE PRESIDENT & CHIEF INVESTMENT OFFICER |
| EDWARD LOTKOWSKI | VICE PRESIDENT & CORPORATE ACTUARY |
| WILLIAM C. MCKENNA | VICE PRESIDENT & SECRETARY |
| MARLIN J. CRAWFORD, JOHN M. HERRON, LYN E. LANDRY, GREG E. MANNING, GEOFFREY MOLINA, TIMOTHY O. MUZZEY, DEBRA POSPIEL, KEVIN S MICK, JOHN THOMPSON, DENNIS B. UHLER | ASSISTANT VICE PRESIDENTS |
| MICHAEL GROGAN, WILLIAM GARVEY, DEBORAH JANSEN | ASSISTANT SECRETARIES |
| STEPHEN SAUTHOFF, DEAN DORMAN | ASSISTANT ACTUARY |
| RICHARD SCHULTZ | ASSISTANT TREASURER |

**RESIDENT VICE PRESIDENTS (Appointed)**

| | |
|---|---|
| ROBERT BUCHHOLZ | VICE PRESIDENT, NEW ENGLAND REGION |
| MARK BERGER | VICE PRESIDENT, SYRACUSE REGION |
| KEVIN KOWAR | VICE PRESIDENT, SOUTHERN REGION |

I further certify that the following statement of the Company is true as take from the records of said Company as of December 31, 2004.

| ADMITTED ASSETS | | LIABILITIES | |
|---|---:|---|---:|
| Bonds at Amortized Values | $ 305,418,434 | Reserve for Losses | $ 157,713,317 |
| Stocks at Market Value | 277,342,367 | Reserve for Loss Adjustment Expenses | 23,569,849 |
| First Mortgage Loans | 1,911,324 | Reserve for Unearned Premiums | 148,991,346 |
| Real Estate | 5,290,466 | Reserve for Other Underwriting Expenses | 13,140,427 |
| Cash in Office and Banks | (11,114,805) | Reserve for Taxes, Licenses, and Fees | 3,315,109 |
| Short Term Investments | 6,146,794 | Loss Drafts In Transit | - |
| Agent's Balance (Less than 90 Days) | 78,488,035 | Other Liabilities | 18,083,211 |
| Accrued Interest | 2,799,048 | Total Liabilities | 364,813,259 |
| Other Assets | 56,838,922 | Policyholders' Surplus | 358,307,326 |
| TOTAL ADMITTED ASSETS | 723,120,585 | TOTAL | 723,120,585 |

Securities as deposited by law, included above = $ 8,931,286

I further certify that the following is true and exact excerpt from Article V, Section 2 of the By-Laws of National Grange Mutual Insurance Company which is still valid and existing.

"The board of directors, the president, any vice president, secretary, or the treasurer shall have the power and authority to appoint attorneys-in-fact and to authorize them to execute on behalf of the company and affix the seal of the company thereto, bonds, recognizance or conditional undertaking and to remove any such attorneys-in-fact at any time and revoke the power and authority given to them."

Subscribed and Sworn to before me on this 14th day of March, 2005

*Susan M Fortin*

My Commission Expires March 19, 2008
68-1191 (3/05)



IN WITNESS THEREOF, I hereunto subscribe my name and affix the seal of said company this 14th day of March, 2005

