UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**COUNTY OF OSWEGO INDUSTRIAL
DEVELOPMENT AGENCY,**

                                  **Plaintiff,**

                                     **-v-**                                                  **5:05-CV-926**

**FULTON COGENERATION ASSOCIATES, LP.,
LIONS CAPITAL MANAGEMENT, LLC, aka LION
CAPITAL MANAGEMENT, LLC, FIMAB,
PROMENEUR & HAUSMANN, INC., EL PASO
MERCHANT ENERGY-PETROLEUM COMPANY.,
and ANR VENTURE FULTON COMPANY,**

                                  **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:
Hiscock & Barclay, LLP
Robert B. Liddell, Esq., of Counsel
One Park Place
300 South State Street
Syracuse, New York 13221
Attorneys for Plaintiff

Mayer, Brown, Rowe & Maw LLP
Agostino Lorenzini, Esq., of Counsel
John S. Vishneski, Esq., of Counsel
71 South Wacker Drive
Chicago, Illinois 60606
Attorneys for Defendants Fulton Cogeneration Associates, LP.,
Lion's Capital Management, LLC a/k/a Lion Capital Management,
LLC, and Fimab, Promeneur & Hausmann, Inc.

Nixon, Peabody LLP
Daniel J. Hurteau, Esq., of Counsel
Omni Plaza, Suite 900
30 South Pearl Street
Albany, New York 12207
Attorneys for El Paso Merchant Energy-Petroleum Company and
ANR Venture Fulton Company

**Hon. Norman A. Mordue, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Presently before the Court is a motion (Dkt. No. 18) by defendants El Paso Merchant Energy-Petroleum Company ("El Paso") and ANR Venture Fulton Company ("ANR") to dismiss all claims against them for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

In its amended complaint (Dkt. No. 9), plaintiff, an industrial development agency constituting a public benefit corporation, seeks to recover more than $4.7 million allegedly owed to it by defendant Fulton Cogeneration Associates, LP. ("FCA") under a Payment in Lieu of Taxes agreement ("PILOT") executed in February 1991 relative to a gas-fired cogeneration facility owned by FCA.[1] It is undisputed that ANR was a general partner in FCA at the time the PILOT was executed; indeed, the February 1, 1991 lease agreement between plaintiff and FCA in connection with the project was signed on behalf of FCA by James W. Whalen, as Vice President of ANR, which was designated "the Managing Partner for Fulton Cogeneration Associates." FCA failed to make payments in accordance with the PILOT on March 31, 2005 and thereafter.

In support of their motion to dismiss the amended complaint against them, El Paso and ANR state: "While both of the Moving Defendants at one point in time were General Partners of Fulton Cogeneration Associates L.P., neither of the Moving Defendants were partners of Fulton Cogeneration Associates L.P. at the time of the alleged breach of the Pilot Agreement." They

---

[1] Also in connection with the project, plaintiff issued taxable industrial development bonds on February 26, 1991, in the amount of $48.5 million to fund development of the project. According to plaintiff, the obligations on the bonds have not been satisfied. Also in connection with the project, plaintiff entered into a lease agreement with FCA on February 1, 1991, which provided that the lease term would expire on the later of either April 1, 2006, or the first day after the bonds and all sums payable under the financing documents were paid in full.

-2-

state that ANR merged into El Paso on May 5, 1998; that El Paso was a general partner of FCA after the merger until September 23, 2004; and that on that date El Paso sold its interest in FCA to Lion Capital Management, LLC ("Lion") and Fimab, Promeneur & Hausmann, Inc. ("Fimab"), also defendants herein.  They point to the September 23, 2004 Purchase and Sale Agreement whereby El Paso sold its interest to Lion and Fimab.  In paragraph 2.8, the agreement provides:

> Allocation of Property Taxes. Sellers and Buyers agree that in the case of property or similar Taxes (including payments in lieu thereof) that are payable with respect to a taxable period that begins before the Closing Date and ends after the Closing Date, (i) Sellers shall be liable for and shall pay the portion of any such Taxes that is allocable to the portion of the period ending on the Closing Date, which shall be deemed to be the amount of such Taxes for the entire period multiplied by a fraction the numerator of which is the number of days in the period ending on the Closing Date and the denominator of which is the number of calendar days in the entire period; and (ii) Buyers shall be liable for and shall pay the remaining portion of such Taxes....

El Paso and ANR argue that they did not cause the alleged breach of the PILOT, that they were not partners of FCA at the time of the alleged breach, and that therefore they are not liable for the obligation to plaintiff under the PILOT.

The obligation to plaintiff under the PILOT was incurred while ANR was a general partner in FCA.  Thus, ANR was liable to plaintiff on the obligation.  *See* N.Y. Partnership Law, § 26(2).  There is nothing before the Court to support the proposition that ANR freed itself from its obligation to plaintiff merely by merging into El Paso.  Nor have El Paso and ANR demonstrated that they freed themselves from that obligation by selling El Paso's interest to Lion and Fimab.  A plain reading of the Purchase and Sale Agreement establishes that paragraph 2.8 affects only the obligations of the signatories *inter se*; there is no ground to hold that it binds FCA.  El Paso and ANR have not established that they are not obligated to plaintiff under the PILOT.

The cases cited by El Paso and ANR do not warrant a contrary conclusion. *59th and Park Assocs. v. Inselbuch*, 414 N.Y.S.2d 537 (1st Dep't 1979), and *C. E. Hooper, Inc. v. Perlberg, Monness, Williams & Sidel,* 421 N.Y.S.2d 353 (1st Dep't 1979), relied on by El Paso and ANR, are inapposite; they address partners' liabilities on debts arising at times when they were not partners.  Here, the obligation on the PILOT arose when it was signed.  At the time, ANR was a general partner and thus was obligated on the PILOT from its inception.  Further, as stated, there is no basis on this record to find that, by merging with El Paso, ANR somehow shed its obligation under the PILOT, or that the subsequent sale to Lion and Fimab released El Paso and ANR from the obligation. *Compare 600 Partners Co. v. Berger*, 666 N.Y.S.2d 158 (1st Dep't 1997) (finding that, under the terms of the lease in issue, former partners had been released from the partnership's liability thereon; the PILOT in the instant case contains no similar provision).

El Paso and ANR have not carried their burden on this Rule 12(b)(6) motion of establishing beyond doubt that plaintiff can prove no set of facts which would entitle it to relief against them. *See generally Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994).   It is therefore

ORDERED that the motion (Dkt. No. 18) by defendants El Paso Merchant Energy-Petroleum Company and ANR Venture Fulton Company is denied.

IT IS SO ORDERED.

March 19, 2007
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge