UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**COUNTY OF OSWEGO INDUSTRIAL**
**DEVELOPMENT AGENCY,**

                  **Plaintiff,**

              **-v-**                            **5:05-CV-926**
                                                    **(NAM/GJD)**

**FULTON COGENERATION ASSOCIATES, LP.,**
**LIONS CAPITAL MANAGEMENT, LLC, aka LION**      **FOURTH AMENDED**
**CAPITAL MANAGEMENT, LLC, FIMAB,**              **ORDER OF ATTACHMENT**
**PROMENEUR & HAUSMANN, INC., EL PASO**
**MERCHANT ENERGY-PETROLEUM COMPANY.,**
**and ANR VENTURE FULTON COMPANY,**

                  **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

Hon. Norman A. Mordue, Chief U.S. District Court Judge

**TO:  THE SHERIFF OF ANY COUNTY OF THE STATE OF NEW YORK**

      Whereas, plaintiff having moved for an order of attachment against the property of and/or debts owing to defendant Fulton Cogeneration Associates, L.P., consisting of, or which are evidenced by, arise out of, or relate to an action pending in the Supreme Court of the State of New York, Oswego County, entitled *Fulton Cogeneration Associates, L.P. v. The New York Chocolate and Confections Company*, Index Number 1185/05 (the "Attached Property/Debts"), and the Court having issued its Memorandum-Decision and Order dated March 22, 2006 granting plaintiff's motion for an order of attachment, and this Court having signed an Order of Attachment dated March 31, 2006, and

      Whereas, plaintiff having also moved to modify the Order of Attachment in order to also attach the turbine and other equipment located at the Fulton Cogeneration facility of defendant Fulton Cogeneration Associates, L.P. (the "Additional Attached Property"), and the Court having issued its Memorandum-Decision and Order dated March 9, 2007 granting plaintiff's motion to modify the  Order of Attachment, and

Whereas, plaintiff having also moved by letter motion dated August 7, 2007, to modify the Order of Attachment to permit the Sheriff, if necessary, to break open and enter the premises of the cogeneration facility if not granted access to conduct the inspection and inventory of equipment, that no opposition was received to the letter motion, and the Court having granted the relief requested in the letter motion by letter Order dated August 20, 2007, and

Whereas, plaintiff having also moved by Order to Show Cause dated October 29, 2007 to modify the Order of Attachment to permit the Sheriff or his designees to take certain steps to secure and winterize the equipment and turbine located at the cogeneration facility to safeguard it against potential damage and theft, that no opposition was received to the motion, and the Court having granted the relief requested in the motion by Order filed on November 16, 2007, and

Whereas, plaintiff having also moved by Order to Show Cause dated December 21, 2007 (Dkt. Nos. 125, 126), to modify the Order of Attachment to permit the Sheriff or his designees to take certain steps to remove hazardous chemicals from the cogeneration facility and to take any other reasonable actions to safeguard the equipment at the cogeneration facility, that no opposition was received to the motion (see Dkt. No. 130), it is hereby

ORDERED that the motion (Dkt. Nos. 125, 126, 130) to modify the Order of Attachment to permit the Sheriff or his designees to take certain steps to remove hazardous chemicals from the cogeneration facility and to take any other reasonable actions to safeguard the equipment at the cogeneration facility is granted; and it is further

ORDERED, that the amount to be secured by this Fourth Amended Order of Attachment shall be $4,721,849.40 and any interest, costs, and sheriff's fees and expenses; and it is further

ORDERED, that the undertaking previously filed with the Court in the amount of $50,000 is approved; and it is further

ORDERED, that upon service of this Fourth Amended Order of Attachment, defendant Fulton Cogeneration Associates, L.P., and any of its directors, officers, employees, and agents served with a copy of this Fourth Amended Order of Attachment, is and are restrained from

assigning, disposing of, encumbering or secreting the Attached Property/Debts, the Additional Attached Property and any other property located at the facility; and it is further

ORDERED, that the Sheriff of any County in the State of New York is directed to levy upon the Attached Property/Debts and the Additional Attached Property by serving a copy of this Fourth Amended Order of Attachment pursuant to Section 6214 of the New York Civil Practice Law and Rules ("CPLR") on Fulton Cogeneration Associates, L.P., or any appropriate agent of Fulton Cogeneration Associates, L.P., and any proper garnishee as set forth in CPLR 5201, including The New York Chocolate and Confections Company; and it is further

ORDERED, that the Sheriff of any county in the State of New York is directed to inventory the Additional Attached Property after it is levied pursuant to CPLR 6218(b), and that an appropriate agent or representative of Plaintiff may accompany such Sheriff to assist in the inspection and inventory of the Additional Attached Property, and that the Sheriff, if necessary, may break open and enter the premises of the cogeneration facility if not granted access to conduct the inspection and inventory, and it is further

ORDERED, that the Sheriff of any county in the State of New York or his designee should take appropriate steps to safeguard the Additional Attached Property against theft or damage by securing the cogeneration facility with appropriate locks, repairing a hole in the roof, and winterizing the Additional Attached Property to the extent possible, and it is further

ORDERED, that the Sheriff of any county in the State of New York or his designee should remove any hazardous chemicals from the cogeneration facility to the extent possible and to the extent they pose a threat to any of the Additional Attached Property and take any other reasonable actions to safeguard the Additional Attached Property, and it is further

ORDERED, that the garnishee's statement required by CPLR 6219 be served on the sheriff within 10 days after being served with a copy of this Fourth Amended Order of Attachment.

Date:   January 28, 2008
        Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge